Matter of Carter v Dutchess County Dept. of Community & Family Servs. (2018 NY Slip Op 08928)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Carter v Dutchess County Dept. of Community & Family Servs.

2018 NY Slip Op 08928

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-02371
(Docket No. V-829-18)

[*1]In the Matter of Anthony Carter, petitioner- respondent, 
vDutchess County Department of Community and Family Services, appellant, et al., respondent.

James Fedorchak, County Attorney, Poughkeepsie, NY (Laura Gail Skojec of counsel), for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for petitioner-respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the Dutchess County Department of Community and Family Services appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated February 28, 2018. The order, without a hearing, granted the father's petition for custody of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
In 2016, the Dutchess County Department of Community and Family Services (hereinafter the DCFS) commenced related proceedings pursuant to Family Court article 10 alleging that the parents had neglected the subject child. The Family Court temporarily placed the child in the custody of the Commissioner of the DCFS. Thereafter, the mother admitted to neglecting the child. The matter proceeded to a fact-finding hearing and, after the hearing, upon a finding that the DCFS failed to establish that the father neglected the child, the court dismissed the neglect petition against the father. The father then commenced this custody proceeding alleging, inter alia, that he was entitled to custody of the child since the neglect petition against him had been dismissed. The court granted the father's petition, without a hearing, over the objection of the DCFS and the attorney for the child. The DCFS appeals.
In light of our determination on a related appeal reversing the order dismissing the neglect petition against the father (see Matter of Meeya P., _____ AD3d _____ [decided herewith]), the order appealed from must be reversed, the father's petition denied, and the proceeding dismissed.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court